THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| DARWIN SELECT INSURANCE | ) | |
| COMPANY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:10-cv-23771-MGC |
| | ) | |
| RK NETMEDIA, INC.; REALITY KINGS, | ) | |
| LLC; RK NETMEDIA, LLC; | ) | |
| JEFFREY M. GREENBERG; AND | ) | |
| MISTY L. BERMUDEZ | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

Plaintiff DARWIN SELECT INSURANCE COMPANY ("Darwin" or "Plaintiff") is

informed and believes and therefore alleges as follows:

## PARTIES

1.      Darwin is a corporation organized under the laws of the State of Delaware, with

its principal place of business located in Farmington, Connecticut.  Darwin is a surplus lines

insurance company eligible to do business in Florida under Section 626.918 of the Florida

Insurance Law.

2.      Defendant RK Netmedia, Inc. is a Florida corporation with its principal place of

business in Miami Beach, Florida.  It is a "Named Insured" under the Policy at issue in this

action.  Upon information and belief, it owns and operates the RealityKings.com website.

Upon information and belief, RealityKings.com is not a legal entity.

3.      Defendant Reality Kings, LLC is a Florida limited liability company with its

principal place of business in Miami, Florida, and is a subsidiary of RK Netmedia, Inc.

4.      Upon information and belief, Defendant RK Netmedia, LLC is a "dba" of RK Netmedia, Inc., a Florida corporation with its principal place of business in Miami Beach, Florida.  RK Netmedia, Inc. (including its website RealityKings.com), Reality Kings, LLC and RK Netmedia, LLC are referred to hereafter collectively as the RK Defendants.

5.      Upon information and belief, Defendant Jeffrey M. Greenberg is an officer of RK Netmedia, Inc., who resides and is domiciled in Florida.

6.      Upon information and belief, Defendant Misty L. Bermudez is an employee and/or agent of RK Netmedia, Inc., who resides and is domiciled in Florida.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the controversy is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.  An actual controversy within the meaning of 28 U.S.C. § 2201 exists between the parties.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to this claim occurred in this District.

## INTRODUCTION

9.      Darwin brings this action to obtain a judicial determination and declaration that it is entitled to rescind Media Liability Insurance Coverage Policy No. 0304-9823 (the "Policy") as to those Insureds who knew of any material untruth, misrepresentation or omission in the Application for the Policy, and as to those Insured entities whose officers, directors, partners, counsel, risk managers, or persons holding equivalent positions knew of any material untruth, misrepresentation or omission in the Application for the Policy, and that it is entitled to other relief arising from misrepresentations made to Darwin during the application process.  In the

2

alternative, Darwin seeks declarations concerning the operation of the Policy and the coverage afforded thereunder.  A copy of the Policy Declarations, Form and Endorsements is attached as Exhibit A.

10.     As described in further detail below, in connection with the underwriting of the Policy, Defendants misrepresented and concealed certain material facts concerning the content of videos produced by the RK Defendants, the RK Defendants' practices with respect to obtaining licenses and copyrights for any third party content used in its videos, prior claims made against the RK Defendants, and knowledge of circumstances that may give rise to claims.

11.     This information came to light only after an investigation following Darwin's receipt of notice of a lawsuit filed against RK Netmedia, Inc. in July 2010 styled *Warner Bros. Records Inc., et al. v. RK Netmedia, Inc., et al.*, Case No. CV 10-4991-CBM (JEMx) (C.D. Cal.) (the "*Warner Bros.* Action").  The *Warner Bros*. Action alleges, *inter alia*, that RK Netmedia, Inc. and its affiliates had, over the past seven years, infringed hundreds of musical recording and composition copyrights by using the recordings and compositions in their videos without a license or authorization.  Darwin acknowledged potential coverage under the Policy for the *Warner Bros.* Action, subject to a full reservation of rights.  Among other things, Darwin reserved its right to rescind the Policy and to assert that the *Warner Bros*. Action involved multiple Occurrences.  A copy of the operative First Amended Complaint in the *Warner Bros*. Action is attached hereto as Exhibit B.

12.     Had Darwin known the true facts, it would not have issued the Policy on the same terms, if at all.  Accordingly, Darwin brings this action seeking a judgment of rescission declaring that the Policy is void *ab initio* as to those Insureds who knew of any material untruth, misrepresentation or omission in the Application for the Policy, and as to those Insured entities

3

whose officers, directors, partners, counsel, risk managers, or persons holding equivalent positions knew of any material untruth, misrepresentation or omission in the Application for the Policy.  Prior to filing this action Darwin returned the premium, with interest.  Darwin also seeks declarations that the Defendants are liable to Darwin for any damages Darwin may suffer by reason of the misrepresentations and concealment of material facts in the underwriting process. In the alternative, Darwin seeks declarations concerning the operation of the Policy.

## **FACTUAL BACKGROUND**

### **The Underwriting of the Policy**

13.     As part of the underwriting process for the Policy, Darwin reviewed and relied upon, among other things, the following applications submitted by RK Netmedia, Inc. on behalf of all the RK Defendants:

a.     Ace Advantage Miscellaneous Professional Liability Application dated August 24, 2009 (the "Ace Miscellaneous Application").  A copy of the Ace Miscellaneous Application is attached as Exhibit C.  The Ace Miscellaneous Application was signed by Defendant Jeffery M. Greenberg on behalf of RK Netmedia, Inc., as its CFO.

b.     Ace Advantage Multimedia Liability Application dated August 25, 2009 (the "Ace Multimedia Application").  A copy of the Ace Multimedia Application is attached as Exhibit D.  The Ace Multimedia Application was signed by Defendant Greenberg on behalf of RK Netmedia, Inc., as its CFO.

14.     In addition to the above-described applications, Defendants also provided Darwin with a Warranty Letter dated April 30, 2009 (the "Warranty Letter") stating:

> The undersigned, on behalf of the Applicant and after diligent inquiry, warrant that as of April 30, 2009, all claims or suits, or circumstances likely to give rise to a claim have been reported to our previous insurance carrier, and/or

4

disclosed to Darwin Professional Underwriters, Inc. in connection with our application dated April 30, 2009 except as set forth below.

NO KNOW [sic] CLAIMS, SUITS OR LOSSES.

This warranty is material to the acceptance of coverage by Darwin Professional Underwriters, Inc. and the insurers for whom it acts, coverage would not be made available or backdated as requested by the Applicant in the absence of the warranty, and the warranty is made a part of the Application and Insurance Policy.

Further, RK Netmedia Inc. acknowledges that no coverage will be available under insurance placed by Darwin Professional Underwriters, Inc. for any claim, suit, or other circumstance which is listed or required to be listed above.

The Warranty Letter was signed on behalf of the RK Defendants by Defendant Misty L. Bermudez, as its Insurance and Risk Manager.  A copy of the Warranty Letter is attached as Exhibit E.  All of the foregoing applications and Warranty Letter are referred to hereafter collectively as the Application.

## Concealment and Misrepresentations Concerning Film Content

15.     Questions 7(C)(8)(a) and 7(D)(2)(a) of the Ace Multimedia Application asked RK Netmedia, Inc. to "[a]dvise [of the] percentage of … Original Content created by Applicant." RK Netmedia, Inc. responded "100%" to these questions.

16.     RK Netmedia, Inc.'s responses to Questions 7(C)(8)(a) and 7(D)(2)(a) of the Ace Multimedia Application were false.  For several years prior to the inception of the Policy, RK Netmedia, Inc. had been using content created by third parties, *e.g.*, sound recordings and musical compositions, in its videos.

17.     In the Ace Multimedia Application, RK Netmedia, Inc. represented that "[a]ll content for Applicant is original content created by Applicant and Applicant's exclusive content providers."

5

18.     The foregoing representation made by RK Netmedia, Inc. in the Ace Multimedia Application was false.  For several years prior to the inception of the Policy, RK Netmedia, Inc. had been using content created by third parties, *e.g.*, sound recordings and musical compositions, in its videos.

### Concealment and Misrepresentations Concerning Licensing and Copyright

19.     Question 8.m. of the Ace Multimedia Application inquired: "Does Applicant obtain releases for creative material or talent from … musicians or other third parties supplying **Matter** … to the Applicant?"  RK Netmedia, Inc. answered "Yes" to this question.

20.     RK Netmedia, Inc.'s response to Question 8.m. of the Ace Multimedia Application was false.  For several years prior to the inception of the Policy, RK Netmedia, Inc. had been using sound recordings and musical compositions in its videos without obtaining licenses, releases or consent.

### Concealment and Misrepresentations Concerning Prior Claims

21.     Question 12.c. of the Ace Miscellaneous Application inquired: "During the past five years, have any claims or suits been made against the Applicant, any predecessors in business, subsidiaries, affiliates or any principal, director, officer or professional employee?" RK Netmedia, Inc. answered "No" to this question.

22.     RK Netmedia, Inc.'s response to Question 12.c. of the Ace Miscellaneous Application was false.  RK Netmedia, Inc. was involved and a defendant in at least two lawsuits within the five years prior to the inception of the Policy, including one pending at the time the Policy incepted.  The lawsuit captioned *Molloy v. RK Netmedia, Inc., et al.*, naming RK Netmedia, Inc. as a defendant, was filed on April 15, 2009 in the United States District Court for the Central District of California (the "*Molloy* Action").  The complaint in the *Molloy* Action

6

alleged that RK Netmedia, Inc. and others unlawfully registered websites in the name of adult film star "Flower Tucci." The lawsuit captioned *United States v. Bangbros.Com, Inc., et al.*, naming RK Netmedia, Inc. as a defendant, was filed on July 20, 2005 in this Court (the "*Bangbros* Action"). The complaint in the *Bangbros* Action alleged violations of certain federal statutes relating to advertising and promotion of sexually explicit material.

23.     Question 10.b. of the Ace Multimedia Application inquired: "During the past five years, have any claims or suits been made against the Applicant, or any principals, directors, officers, or employees of the Applicant with respect to any **Media Services** or **Multimedia Acts**?"

24.     RK Netmedia, Inc.'s response to Question 10.b. of the Ace Multimedia Application was false. RK Netmedia, Inc. was involved and a defendant in the *Molloy* Action and *Bangbros* Action, discussed in Paragraph 31, *supra*.

25.     The Warranty Letter provided to Darwin by RK Netmedia, Inc. stated:

> The undersigned, on behalf of the Applicant and after diligent inquiry, warrant that as of April 30, 2009, all claims or suits, or circumstances likely to give rise to a claim have been reported to our previous insurance carrier, and/or disclosed to Darwin Professional Underwriters, Inc. in connection with our application dated April 30, 2009 except as set forth below.
>
> NO KNOW [sic] CLAIMS, SUITS OR LOSSES.

26.     The foregoing statement by in the Warranty Letter that there were "NO KNOW [sic] CLAIMS, SUITS OR LOSSES" was false. RK Netmedia, Inc. was involved and a defendant in the *Molloy* Action and *Bangbros* Action, and neither of those lawsuits had been reported to Darwin.

## <u>Concealment and Misrepresentations Concerning Prior Knowledge</u>

27.     Question 12.a. of the Ace Miscellaneous Application inquired: "After inquiry, do any principals, directors, officers, partners, professional employees or independent contractors of the Applicant have knowledge or information of any actual or alleged acts, errors, omissions, offenses or circumstances which might reasonably be expected to give rise to a claim against the Applicant or any proposed insured entity?"  RK Netmedia, Inc. answered "No" to this question.

28.     Question 10.a. of the Ace Multimedia Application inquired: ""After inquiry, do any principals, directors, officers, partners, employees, or independent contractors of the Applicant have knowledge or information of any actual or alleged acts, errors, omissions, offenses or circumstances with respect to any **Media Services** or **Multimedia Acts** which might reasonably be expected to give rise to a claim against the Applicant or any proposed insured entity?"  RK Netmedia, Inc. answered "No" to this question.

29.     RK Netmedia, Inc. stated in the Warranty Letter that

> The undersigned, on behalf of the Applicant and after diligent inquiry, warrant that as of April 30, 2009, all claims or suits, or circumstances likely to give rise to a claim have been reported to our previous insurance carrier, and/or disclosed to Darwin Professional Underwriters, Inc. in connection with our application dated April 30, 2009 except as set forth below.
>
>       NO KNOW [sic] CLAIMS, SUITS OR LOSSES.

30.     Upon  information and belief, RK Netmedia, Inc.'s responses to Question 12.a. of the Ace Miscellaneous Application, Question 10.a. of the Ace Multimedia Application, and its statement in the Warranty Letter as set forth in paragraph 29, *supra*, were false.  RK Netmedia, Inc. is a sophisticated media company that has produced hundreds of videos, and holds hundreds of copyrights in connection with its videos.  As a result, the principals, directors, officers, partners, and/or professional employees of RK Netmedia, Inc. are familiar with copyright and

licensing laws, and often utilize legal counsel in connection with copyright and licensing issues.

The principals, directors, officers, partners and/or professional employees of RK Netmedia, Inc.

were also aware, prior to the inception of the Policy, that RK Netmedia, Inc. was engaged in the

unlawful practice of using sound recordings and musical compositions in its videos without

obtaining licenses, releases or consent.  Thus, the principals, directors, officers, partners, and/or

professional employees of RK Netmedia, Inc. each had knowledge of acts and circumstances

which might reasonably be expected to give rise to a claim against RK Netmedia, Inc.

## COUNT ONE
### (Rescission)

31.     Darwin reasserts and re-alleges Paragraphs 1-30 as if fully set forth herein.

32.     Section V.(J) of the Policy provides:

> The **Insureds** represent that the particulars and statements contained in the **Application** are true, accurate and complete, and agrees that this Policy is issued in reliance on the truth of that representation, and that such particulars and statements, which are deemed to be incorporated into and to constitute a part of this Policy, are the basis of this Policy.

33.     Section III.(C) of the Policy defines "**Application**" to mean:

> (1)     the application submitted to the **Insurer**; or

> (2)     any application submitted to any competitor of the **Insurer**, which is provided to the **Insurer** for the purposes of procuring coverage hereunder, and which shall be treated as if it were submitted directly to the **Insurer**;

> any and all materials and information submitted to the **Insurer** in connection with any such application, and all publicly available material promulgated by the **Insured** about the **Insured** that the **Insurer** obtained prior to the Inception Date of the Policy, all of which are deemed to be on file with the **Insurer** and are deemed to be attached to, and form a part of, this Policy as if physically attached.

34.     Defendants made material misrepresentations in connection with the Application

for and underwriting of the Policy as more fully described above, including but not necessarily

limited to: (1) falsely representing that 100% of the RK Defendants' content was original; (2) falsely representing that the RK Defendants obtained releases from musicians supplying music for use in its videos; (3) falsely representing that they were not aware of any circumstances that may result in a claim; and (4) falsely representing that no claims had been made against the RK Defendants in the five years preceding the application for the Policy.

35.     The misrepresentations were material because had Defendants provided accurate information to Darwin, Darwin would have declined to issue the Policy on the same terms, if at all.

36.     Upon information and belief, the individual Defendants and one or more officers, directors, partners, counsel, risk managers, or functionally equivalent position holders of the RK Defendants, knew of some or all of such untruths, misrepresentations, or omissions in the Application.

37.     Defendants' material misrepresentations entitle Darwin to rescind the Policy under common law and/or under the standards set forth in Fla. Stat. 627.409.

38.     Defendants dispute that Darwin is entitled to rescind the Policy.  Therefore, an actual and justiceable controversy exists between Darwin and Defendants.

39.     Darwin is entitled to a declaratory judgment that the Policy is rescinded as to the Defendants and as to any other Insured who knew of some or all of such untruths, misrepresentations, or omissions in the Application, and that the parties are to be put in the *status quo ante* as there is no other adequate remedy at law.

WHEREFORE, Darwin respectfully requests that this Court:

(A)     Enter judgment declaring that the Policy is void and/or rescinded as to the Defendants and as to any other Insured who knew of some or all of such untruths,

misrepresentations, or omissions in the Application, and returning the parties to the *status quo ante*; and

(B)     Award Darwin all other relief to which it may be entitled.

## COUNT TWO
### (Declaratory Relief)

40.     Darwin reasserts and re-alleges Paragraphs 1-39 as if fully set forth herein.

41.     Defendants made material misrepresentations in connection with the application for and underwriting of the Policy as more fully set forth in paragraphs 15-30 above.

42.     Defendants made these misrepresentations either with knowledge of their falsity, or without reasonable grounds for believing them to be true, for the purpose of inducing Darwin to issue the Policy on the terms and in the form it was issued.

43.     Darwin was ignorant of the falsity of the above-referenced representations, and reasonably and justifiably relied upon the accuracy and truthfulness of those representations in issuing the Policy.  Had Defendants provided accurate information to Darwin, Darwin would have declined to issue the Policy.

44.     Because Darwin would have declined to issue the Policy but for Defendants' misrepresentations and concealment described above, any amounts that may in the future be paid or incurred by Darwin under the Policy constitute damages which are the direct and proximate result of Defendants' misrepresentations and concealment.

45.     Defendants dispute that any payments that may be made or incurred by Darwin under the Policy would constitute damages resulting from Defendants' misrepresentations and concealment.  Therefore, an actual and justiciable controversy exists between Darwin and Defendants regarding Defendants' liability for such amounts.

46.     Darwin asks that the Court declare that Defendants are liable to Darwin for any amounts paid or incurred by Darwin under the Policy, including any future payments Darwin may make to or on behalf of any Insured under the Policy.

WHEREFORE, Darwin respectfully requests that this Court:

(A)     Enter judgment declaring that Defendants are liable to Darwin for any payments made by Darwin under the Policy, including but not limited to any future payments to or on behalf of any Insured under the Policy; and

(B)     Award Darwin all other relief to which it may be entitled.

## COUNT THREE
### (In the Alternative, Declaratory Relief)

47.     Darwin reasserts and re-alleges Paragraphs 1-46 as if fully set forth herein.

48.     In the *Warner Bros*. Action, the plaintiffs therein allege that RK Netmedia, Inc. and its website, RealityKings.com, knowingly utilized musical compositions and sound recordings in videos RK Netmedia Inc. produced, broadcast, and distributed, which compositions and recordings were owned by plaintiffs therein and used by RK Netmedia, Inc. without plaintiffs' permission.  The plaintiffs in the *Warner Bros*. Action allege that RK Netmedia, Inc.'s actions constituted willful violation of their copyrights.

49.     Upon information and belief, RK Netmedia, Inc. did, in fact, infringe the copyrights of plaintiffs in the *Warner Bros*. Action as alleged in that action, and such infringement was willful and deliberate.

50.     As a matter of public policy, insurance coverage shall not be afforded for the willful copyright infringement at issue in the *Warner Bros*. Action.  Should insurance coverage be afforded for such conduct, it would encourage Defendants and others to engage in such infringement.  Moreover, the primary purpose of copyright law, which imposes heightened

statutory damages for willful infringement of copyright, is to deter such willful infringement. Affording insurance coverage for such willful infringement would undermine this goal and would be contrary to public policy.

51.     Defendants dispute that they willfully infringed the copyrights as alleged in the *Warner Bros*. Action, and dispute that public policy prohibits coverage for this matter. Therefore, an actual and justiciable controversy exists between Darwin and Defendants regarding coverage for any amounts incurred in connection with the *Warner Bros.* Action.

52.     Thus, as alternative relief sought herein, and until such time as the Court declares the Policy rescinded and void *ab initio* as to the Defendants, Darwin asks that the Court declare that coverage for the *Warner Bros*. Action is precluded as a matter of public policy, and that Darwin has no duty to pay any settlement or judgment that may be entered in the *Warner Bros*. Action.

WHEREFORE, Darwin respectfully requests that this Court:

(A)     Enter judgment declaring that willful infringement of copyright is uninsurable as a matter of public policy; and

(B)     Declare that defendants in the *Warner Bros*. Action willfully violated the copyrights alleged therein; and

(C)     Declare that coverage under the Policy for the *Warners Bros*. Action is precluded as a matter of public policy, and that Darwin therefore has no duty to pay any settlement or judgment that may be entered in the *Warner Bros*. Action; and

(D)     Award Darwin all other relief to which it may be entitled.

## COUNT FOUR
### (In the Alternative, Declaratory Relief)

53.     Darwin reasserts and re-alleges Paragraphs 1-52 as if fully set forth herein.

54.     In the *Warner Bros*. Action, the plaintiffs therein claim to be entitled to monetary recovery in the form of licensing fees RK Netmedia, Inc. would have been required to pay for the use of the musical compositions and sound recordings utilized in its videos, as well as the disgorgement of profit RK Netmedia, Inc. obtained as a result of its unauthorized use of such compositions and recordings at issue in that action.

55.     Subject to its terms and conditions as more fully set forth in the Policy, coverage is afforded under the Policy only for "Loss."  RK Netmedia, Inc. used such compositions and recordings in its videos without paying the owners of those works for their use, as required by law.  Any amounts paid or awarded to the plaintiffs in the *Warner Bros*. Action as compensation for the licensing fees owed would not constitute "Loss," but would instead be in the nature of restitution or disgorgement, or simply a cost of doing business.  Such a restitutionary payment or cost of doing business is not an insurable "Loss" within the meaning of the Policy and applicable law.

56.     Likewise, any profits RK Netmedia, Inc. may be required to disgorge as a result of its ill-gotten gains in using compositions and recordings for which it had no permission would not constitute insurable "Loss" within the meaning of the Policy and applicable law.

57.     Upon information and belief, Defendants dispute that the amounts sought in the *Warner Bros*. Action as compensation for licensing fees owed, as well as disgorgement of profits, do not constitute Loss and are not payable under the Policy.  Therefore, an actual and justiciable controversy exists between Darwin and Defendants regarding coverage for such amounts incurred in connection with the *Warner Bros.* Action.

58.     Thus, as alternative relief sought herein, and until such time as the Court declares the Policy rescinded and void *ab initio* as to the Defendants or declares that coverage for the

*Warner Bros*. Action is not afforded under the Policy, Darwin asks that the Court declare that any amounts sought, awarded or paid in *Warner Bros*. Action as recovery of licensing fees owed, or disgorgement of profits, do not constitute insurable "Loss" within the meaning of the Policy and applicable law and are not covered under the Policy.

WHEREFORE, Darwin respectfully requests that this Court:

(A)     Enter judgment declaring that any amounts sought, awarded or paid in *Warner Bros*. Action as recovery of licensing fees owed, or disgorgement of profits, as well as any portion of a settlement or judgment in the *Warner Bros*. Action attributable to such amounts, do not constitute insurable "Loss" within the meaning of the Policy and applicable law and are not covered under the Policy; and

(B)     Award Darwin all other relief to which it may be entitled.

## COUNT FIVE
### (In the Alternative, Declaratory Relief)

59.     Darwin reasserts and re-alleges Paragraphs 1-58 as if fully set forth herein.

60.     Section V.(B) of the Policy provides that "The obligation of the **Insurer** to pay **Loss** or **Defense Expenses** will only be in excess of the applicable Retention set forth in ITEM 4 of the Declarations …. The **Insurer** will have no obligation whatsoever, either to the **Insured** or to any other person or entity, to pay all or any portion of any Retention amount on behalf of any **Insured** …."

61.     The applicable Retention set forth in ITEM 4 of the Declarations, with respect to the *Warner Bros*. Action, is $100,000 each and every **Occurrence**.

62.     "**Occurrence**" is defined in Policy Section III.(T), in pertinent part, as "any broadcast, transmission, utterance, telecast, cablecast, serialization or production of **Matter**,"

"any publication or republication of **Matter**," "any online dissemination of **Matter**," or "the release [or] distribution … of **Matter**."

63.     "**Matter**" is defined in Policy Section III.(Q), in pertinent part, as "any communication, regardless of its nature or form, including but not limited to … film … and video."

64.     With respect to the number of **Occurrences**, Section III.(T) of the Policy provides in relevant part "[w]here **Occurrences** take place on one or more dates during the Policy Period … involving the same or related subject, event, situation, person or class of persons, irrespective of the nature of the **occurrences** or the number of repetitions, versions or forms of **Occurrences** … such **Occurrences** shall be considered a single **Occurrence** subject to the Limit of Liability and Retention in effect when the first **Occurrence** took place …."

65.     In the *Warner Bros*. Action, it is alleged that the defendants therein produced and broadcast 195 separate videos.  Each of those videos allegedly contained one or more musical compositions and/or sound recordings for which the defendants failed to obtain permission to use.  The musical compositions and/or sound recordings at issue in the *Warner Bros*. Action varied by video.  Plaintiffs in the *Warner Bros*. Action seek separate statutory or actual damages for the works allegedly infringed in each separate video, and the profits obtained for each separate video.

66.     Each video at issue in the *Warner Bros*. Action broadcast or disseminated by Defendants constitutes a separate "**Occurrence**" within the meaning of the Policy, and so is subject to a separate $100,000 retention.

67.     On information and belief, Defendants dispute that separate retentions apply to each video at issue in the *Warner Bros*. Action, and instead assert that a single retention of

$100,000 is applicable for the entire *Warner Bros*. Action.  Therefore, an actual and justiciable controversy exists between Darwin and Defendants regarding the applicable retention and the parties' respective rights and obligations under the Policy in connection therewith.

68.     Thus, as alternative relief sought herein, and until such time as the Court declares the Policy rescinded and void *ab initio* as to the Defendants or declares that coverage for the *Warner Bros*. Action is not afforded under the Policy, Darwin asks that the Court declare that each video at issue in the *Warner Bros*. Action constitutes a separate "**Occurrence**" subject to a separate $100,000 retention, and that Darwin has no obligation to pay **Loss** or **Defense Expenses** until the applicable retentions have been satisfied in accordance with the Policy.

WHEREFORE, Darwin respectfully requests that this Court:

(A)     Enter judgment declaring that each video at issue in the *Warner Bros*. Action constitutes a separate "**Occurrence**" subject to a separate $100,000 retention, and that Darwin has no obligation to pay **Loss** or **Defense Expenses** until the applicable retentions have been satisfied in accordance with the Policy; and

(B)     Award Darwin all other relief to which it may be entitled.

## REQUEST FOR JURY TRIAL

Darwin requests a trial by jury on all issues so triable as a matter of right.

17

Dated: November 18, 2010

Respectfully submitted,

s/RONALD L. KAMMER
Ronald L. Kammer
Florida Bar No. 360589
rkammer@hinshawlaw.com
HINSHAW & CULBERTSON LLP
9155 S. Dadeland Boulevard, Suite 1600
Miami, Florida 33156-2741
Telephone: 305-358-7747
Facsimile: 305-577-1063
*Counsel for Mid-Continent Casualty Company*

*OF COUNSEL*
Terrence R. McInnis
Kevin F. Kieffer
Daniel C. Streeter
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614
(949) 622-2700
terrence.mcinnis@troutmansanders.com =
kevin.kieffer@troutmansanders.com
daniel.streeter@troutmansanders.com

## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that on November 18, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.


                       s/RONALD L. KAMMER_____
                       rkammer@hinshawlaw.com